*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. B. COOKSON, Minor.

UNPUBLISHED
October 5, 2023

No. 364097
Livingston Circuit Court
Family Division
LC No. 2019-016076-NA

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

JANSEN, J. (*dissenting*).

For the reasons that follow, I respectfully dissent. I would affirm the trial court order terminating respondent-mother's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j).

Statutory grounds exist to terminate parental rights under MCL 712A.19b(3) when clear and convincing evidence establishes:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

-1-

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent. [MCL 712A.19b(3)(c)(*i*), (j), (g).]

Only one statutory ground need be established to terminate parental rights. *In re Atchley*, 341 Mich App 332, 346 n 6; 990 NW2d 685 (2022). A trial court's finding of statutory grounds is reviewed for clear error. *Id*. at 343.

Although the trial court could have made additional findings regarding respondent's continued drug use and the impact that had on her ability to parent, the record evidence is more than sufficient to establish statutory grounds to terminate her parental rights. The child was removed from respondent's care, in part, because a sibling was discovered with substantial burns, for which respondent did not seek medical treatment. Respondent entered a case service plan, but was not in full compliance. She stopped attending her mental health services and lied to her psychologist, Dr. Douglas Ruben, she missed drug screens, and her home was unsuitable for the minor child. She failed to progress to unsupervised parenting time. "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014). "Similarly, a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *Id*. at 711. Here, the record speaks for itself, and statutory grounds to terminate were proven by clear and convincing evidence.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The trial court may consider a number of factors when determining whether termination of a respondent's parental rights is in the child's best interests, including

the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's wellbeing while in care, and the possibility of adoption. [*White*, 303 Mich App at 713-714 (quotation marks and citation omitted).]

"A parent's substance-abuse history is also relevant to whether termination is in the child's best interests." *In re Rippy*, 330 Mich App 350, 361; 948 NW2d 131 (2019). The focus is on the child rather than the parent in making a best-interests determination. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). "We review for clear error a trial court's factual finding that termination of a parent's parental rights is in the child's best interests." *In re Atchley*, 341 Mich App at 346.

Although respondent had a bond with the child, the child was in foster care since 2019, and all of his contact with respondent was supervised. Respondent missed parenting time despite knowing the child had mental health needs and that missed visits had a negative impact on his

behavior. As stated above, respondent was not in full compliance with her case service plan as to missing counseling and missing drug screens, and she failed to show benefit from the services she did complete. She made comments to Dr. Ruben and her caseworker about her continued drug use that raised red flags regarding any benefit from service or ability to take accountability for the reasons the child came into care. The trial court's factual findings were supported by the record, and therefore, the court did not clearly err in determining that termination was in the child's best interests.

/s/ Kathleen Jansen